Good morning. My name is Samantha Kuhn, and I represent Deloyd Jones. I'm going to begin the argument today by explaining why this is a structural error. The error that was raised in this appeal is structural and warrants automatic reversal. This case is not about an isolated, erroneous jury instruction. It's about an entire trial that was focused on proving that Ride or Die was a criminal enterprise and that they conducted all kinds of unlawful activity in furtherance of that enterprise. You'd be swimming against most of the other circuits on that issue, wouldn't you, about structural error? I don't believe so, because I think all of the circuits that have addressed this issue, while some of them have found that certain types of errors would not classify as structural, none of them have created some kind of blanket prohibition where, if it is a situation like this and there's two competing predicates and one's invalidated, that automatically makes it a non-structural jury instruction error. How do you distinguish Hedgepeth v. Polito? In Polito, that case actually did not specifically make a blanket prohibition. In Polito, I believe the situation there was that that was a specific alternative theory instruction where the court said, look, there's these two different factual findings and factual circumstances that would support the jury verdict in the first place, and one of them has been invalidated. This is a broader due process violation that infected the entire proceedings, because the entire case was built on this RICO conspiracy and tying every single charge and every single aspect of the conduct that was alleged to the RICO conspiracy. So in this situation, we have the two predicates as one overarching RICO conspiracy, and then we have a sub-conspiracy basically that's falling within that RICO conspiracy, as the jury recognized, but they're not coextensive with each other, and they're not completely separate alternative bases for a conviction. Didn't we apply plain error review, though, to a Davis error in Lewis? Lewis, I guess I'm not remembering that case. So in this case, the indictment... The 924 conviction, assuming arguendo, what about remanding for resentencing only, and do we even need to do that, because they're concurrent, and some of them have valid life sentences anyway? I think it would necessitate reversing and remanding for those sentences to be vacated for these convictions. Even though they are concurrent, each conviction, I think, stands alone and needs to be addressed separately, and if an invalid conviction currently exists in the judgment, I don't think it matters if that's run concurrent with something that's an even longer or, you know, coextensive... Why couldn't that just be that conviction vacated, but then everything else stay the same? Are you speaking specifically about the 924 convictions? Yeah. The 924 convictions. Why couldn't those just be... Those be vacated... Oh, that's our position, that we're challenging just the 924. I know, but then, but everything else stay the same. No resentencing, no nothing. Just vacate the 924. Right. I understand. Yeah, we have not argued that there needs to be a full resentencing for all of the other convictions, but I do believe that because sentencing is done as kind of a packaging doctrine, it would warrant having a new pre-sentence report prepared so that the district court could address in the first instance. Can I ask why? I mean, if there are already valid sentences that are long, long sentences, why do you need to have the trouble of the, you know, the effort of, is there some due process concern or why would you need to go back? I mean, I believe that just for issuing a new judgment, it would warrant a new sentencing, but I don't have a specific case that that's based on. That's just the procedure that I would believe is appropriate. In this case, the indictment, the evidence, and the government's arguments all tied everything to this RICO conspiracy, and if you look at the indictment, every single substantive charge was tied into that RICO conspiracy with the exception of that one drug trafficking conspiracy in count two. And all of the 924 charges actually mirrored substantive racketeering charges, showing that the same conduct was being used to both support convictions in aid of racketeering and also related to the RICO conspiracy. And it's interesting that the jury verdict form itself, when the jury issued its verdict, its own verdict decisions mirrored the same way, where they found something was done in the aid of racketeering, they also found that the 924 conviction was guilty beyond the reasonable doubt. But similarly, if they didn't find that certain conduct was done in the aid of racketeering, they acquitted on that 924 conviction, which I think supports the argument that the jury was viewing these things, as the record shows, as being within the overarching RICO conspiracy and focusing on that element of whether it was in furtherance of that. Is there someone else going to argue that plain error is satisfied? We will have another attorney arguing about the plain error issue. As far as the structural issue goes, the Supreme Court has provided guidance on what constitutes a structural error. And in addition to some of the other errors that have affirmatively been recognized as structural, they've said that if an error's effects are too hard to measure, or it will inevitably signal fundamental unfairness, those are reasons to categorize something as a structural error. And here I think there's a variety of things in the record that show that both of those are met here, one of them being not only does the record show that everything was focused on the RICO conspiracy rather than tying everything to a drug trafficking conspiracy, but defense counsel was also deprived of opportunities that they could have had to try to distinguish conduct and highlight motives and purposes of certain conduct if they had known that drug trafficking, that subset of the RICO conspiracy, was the only valid predicate. And I'll turn my time over to co-counsel. Yes. You've saved some time for rebuttal, Ms. Kuhn. Thank you. Ms. Town? Good morning. May it please the Court, Autumntown, on behalf of Sidney Patterson. I will be addressing that even should this Court determine that this is not a structural error, we still would argue that it is plain error. The government has contended essentially that they would agree that it is an error and that it is a clear and obvious error, but that the substantial rights are not affected in this case. And that's where we would obviously dispute that issue. We would argue that there is, in fact, a substantial right that is affected here by the vagueness of this statute, which would include not only the fair notice issue that has come up, whether or not it's making fair notice of that conduct is in fact criminal, but it essentially goes back to the issue of there was no clear determination that the jury made that they found the facts relative to the 924 convictions based on a valid theory. It was argued throughout the case, both the RICO conspiracy and the drug conspiracy, and there was nothing specific found by the jury as to whether or not some of these were which predicate that they were based on. As this Court is aware, there were about a hundred... So we just treat it as a general verdict, then? I'm sorry? We just treat it as a general verdict, then? Is that right? As to the 924 convictions? Well, I believe what the Court would have to do is consider the fact that in the charging document, it was given as RICO and the drug conspiracy. And then throughout the trial and then also in jury instructions, it was argued as and or. It was argued in the disjunctive. So this Court would have to consider an error there as far as which predicate the jury based their findings on. And through the 106 pages of jury instructions, as well as the questions submitted by the jury, it's clear that they were interested in these specific predicates, and they had questions about certain elements of the offense. Is your best case Howard, or what's your best case for this? For the argument that these should be reversed? Yes. Davis? Davis itself? I mean, that's the... This Court found that the residual clause in there was inappropriate in that case, and we believe that these are the same set of facts, and that in this matter, that those convictions need to be vacated. Ultimately, all of this ties back to the RICO conspiracy, which was the overarching. And as my colleague indicated, you had the overarching RICO conspiracy, and then the what was essentially considered a sub-conspiracy, the drug conspiracy. And that was what the government argued throughout the trial. So, based on that, there is no clear determination what the jury found their facts on, based on those particular verdicts. Why can't the defendants be retried for the 924 offenses? If we were to even agree with you on all of your plain error, that prong 3 is satisfied, why can't they be retried on the 924 offenses? Giving a specific jury instruction relative to that? I assume that they would be tried correctly upon retrial. I suppose they could, Your Honor. So you're not arguing... Well, I thought you argued in your brief that they had to be entered a judgment against the government, you know, in your client's favor. You're not really taking that position. You believe they can be retried on the 924. Would you like me to answer? My time is up. We would argue, first and foremost, that the judgment should be vacated, given the pervasive error in it. However, I'm aware that argument has been made in some additional cases since then, and especially in the Davis Oral Arguments, that potentially retrial is a possibility, should those constitutional errors be corrected. So I believe either one of those would be possible. All right. Thank you. Ms. Town, you say rebuttal time? Yes, Your Honor. Thank you. Ms. Conner? Good morning, Your Honors. May it please the Court, my name is Rachel Conner, and I represent Byron Jones. I wanted to just address some of your questions directly. I think that the problem with this case was that there was a general verdict, and the best case on point is Skilling v. United States, where the indictment alleged three objects of a conspiracy, an honest services wire fraud, money or property wire fraud, and securities fraud. And they found that the jury returned a general verdict that could have been based on one invalid theory. And so that's the situation that we have here, which is that the jury could have in this case, and I will suggest that they did return a verdict based on the invalid RICO conspiracy as being a predicate under the 924 statutes. So it is plain error. I believe that plain error is the proper analysis, but there is plain error here. The government has conceded that the error was clear and obvious. It obviously affected the substantial rights of the defendants. They were sentenced to additional, albeit concurrent, time. The government conceded prong four, too? I think they did. I believe they did. There's not much that we're in disagreement about, and to your questions, I do think that vacating the convictions for the 924 charges without—and we haven't actually challenged any of the other convictions or sentences. This is our second go-around to this court. So I think that would be the appropriate remedy. Whether or not the defendants could be retried, I don't know, is a question for this court. I believe that it's possibly a subject of a motion to quash down the road, but for purposes of today, we believe that the judgment should just be vacated. But wouldn't we give instructions for what the proper proceeding next is? I think that those judgments would be vacated and— And just say nothing? And just say nothing. And just say proceed with—I don't know that this court is in a position to determine whether or not those charges can be retried, but that would be up to the district court and subject to a motion to quash for double jeopardy. That would be my position. But you disagree with your colleague and don't believe it's a structural error. I'm not conceding that it's not structural error, but I think most of the case law on this point indicates that it's plain error. I think the arguments in favor of it being structural are the fact that in this case, this was the ride-or-die case. The RICO conspiracy was the umbrella under which everything else fit in, and the RICO conspiracy comprised of drug trafficking, it comprised of violent crimes, but it also comprised of things that had nothing to do with either drug trafficking or violent crimes. And that's where the problem is, is that the RICO conspiracy overarched and incorporated the drug trafficking, but included nonviolent and non-drug trafficking activity. So without conceding that it's not structural error, I think we have to obviously address the plain error precedent in this and other circuits, and I think that the government has conceded most of all of the prongs, and where we come down is whether or not this affected the substantial rights of the defendants, and I think there's no doubt that it did based on the fact that additional sentences were meted out, and there was a real danger that the jury relied on an improper predicate. All right. Thank you, Ms. Connelly. Thank you. You also have saved rebuttal time, Mr. Bortman. May I proceed, Your Honor? Thank you. Good morning, and may it please the Court. Your Honor, the error in this case is not structural. No court to my knowledge has held that this error is structural. The defendants, to my knowledge, have not brought a case to you that says it is. And precedent suggests just the opposite. When the Ninth Circuit held that alternative theory error was structural in the Polito case, the Supreme Court said no, and in fact, if you take a look at Polito, before it even came to the Supreme Court, all counsel said, yes, that's an error, it is not structural. The Supreme Court sent it back. When Skilling went up to the Supreme Court and the Supreme Court found the honest services theory of the case was overly broad and could not stand, it didn't reverse the conviction. It remanded to this court with instructions to conduct a harmlessness review. And when it came back to this court in Skilling II, that's exactly what this court did. It conducted a harmlessness review and affirmed the convictions because the evidence was overwhelmingly in favor of finding a verdict of guilty on the valid theory. Here, this court does not need to branch out into any new realm and be what I believe would be the first court in the country to hold this error to be structural. All the court needs to do is employ the precedence that's already out there from Polito to Skilling II, and by doing that, conduct the proper harmlessness review in this case. Now, opposing counsel have mentioned it's structural because the entire case was predicated on a RICO conspiracy, they've used words like it's an ambiguous verdict, possibility of an incorrect verdict, just unclear. That's not the test, and none of those are the tests that came down from the Supreme Court or that's used here. You don't need absolute certainty that the valid theory was what the court relied on to have a conviction affirmed. You don't need complete factual identities, as the court said in footnote two in its Skilling II decision. Instead, the question is, is the error harmless, just as any other harmless review would be? Can we talk about plain error? Yes, Your Honor. I mean, unless you want to say something else about structural. No, that's actually where I'm going, where I think you can find that this error is harmless, through the view of plain error review. And so, I do think the burden for the harmlessest prong is on the defendants. As we've mentioned two cases in the Third Circuit, in our brief, Andrews and Duke have said that. This Court has not actually settled that question, I believe. You concede prongs one, two, and four. Yes. In light of Davis, we concede, of this Court's ruling in Davis, we concede that there was error in its plain and obvious. So it's whether or not it's affected substantial rights. Yes. Yes, absolutely. And the way you look at that, Your Honor, I think is the two questions that came out in Skilling II, finding two ways to do that. The first is, if in convicting on the invalid theory, the jury necessarily found facts that would support a conviction on the valid theory, then the error is harmless. But the second one is what I'd like to talk about a little more, and that's the basic, if after reviewing the record, the Court is convinced that the error is harmless. And in doing that, the Court, according to Skilling II, asked the question, is there — does the record contain evidence that could rationally lead to an acquittal on the valid theory of the controlled substance? It would not. In fact, the record here would support the conviction. And to find that, Your Honor, the Court need look no further than its prior opinion in this case. And it's important to think that the defendants have talked about the overriding case here was the RICO conspiracy. It seems to me, though, that you're conflating the harmless error and the prong three. In the harmless error, you would have — you would have the burden, and the — whether or not it's structural error, they would have the burden. And they've come forward and said — I mean, not structural error, but, you know, that affects substantial rights — that it — I don't — it seems to me that you're putting in the harmless error into prong three, but really, doesn't it affect their substantial rights on the face of it because it's extra life sentences? And that's how we would normally look at that. Did you get more sentences? I mean, that's our normal — we have that, you know, five days a month. We have those kind of cases. And so — and the harmless is usually — the government has to come back and say it didn't matter. And I understand, but I think there's a slight distinction. And I'm using the term harmless error, and I understand that. But I think the question is — a better way of saying it is did the error affect the verdict? Whether we — and I'm saying harm the verdict. But it still is the burden, as we know, substantial rights and harmless error, two sides of the same coin. It really is a burden issue. So the burden here, because we are on plain error, is for the defendants to show that that harm affected the substantial rights, and looking at the harm in the light of the review that the court has given out. Now, we mentioned the Andrews brief in the Third Circuit and the Riley brief in the — and the Duca brief in the Third Circuit, which points out that the burden is on the defendant to show that that error occurred, that the error did affect their — that the harm, that the verdict was harmful, not just that it resulted in a conviction, but in light of the test. There are several other cases, and I did not put them in my brief because I just researched them, so I don't feel comfortable throwing them out and discussing, but I'll just give you the names. Ferguson from the Second Circuit, Sprouse from the Fourth, White from the Sixth, Cardina from the Seventh have talked about this issue of whose burden it is, and they've come down  to that. But haven't they kind of met their prima facie case for — you know, if we turn to employment law or something, they've come forward and said, this affected substantial rights because we got extra life sentences, and so that definitely affected our substantial rights. And then you say, no, but it was harmless, and then you would bear the burden on that. I don't think it's just that simple of we got extra sentences. I still think they have to show that the error affected it, and I think the way you look at whether the error affected it was under the guise of skilling. But either way, I think we can show that it was harmless beyond a reasonable doubt. But as you pointed out, we are still looking at two sides of the same coin. But whether it's their burden or ours, I still think when you look at the record and you look at the evidence, you can affirm on this because it didn't. And again, you can look at the no further than this Court's prior opinion in this case. And yes, the evidence here did involve a RICO conspiracy. It was the ride-or-die case, but there was also a count one RICO conspiracy that's not in question here. It's a valid count. But there was also a count two drug conspiracy that the jury found guilty on. And rather than look at just what was this whole case about, I'd like to focus on what the counts before you are really about, because it's the 924C, the 924O, and the 924J counts that are before you, specifically count three and then the other things. The count three 924O conspiracy. But the other 924C counts, Your Honor, all revolve around three murders, the murder of Travis Arnold, the murder of Devin Hutton, and the murder of Corey Blue. And as this Court pointed out, all those murders had something to do with the drug operations. For example, first of all, we're dealing with the 924O conviction, the gun conspiracy. This Court stated there was plenty of evidence tying defendant's firearms use to the charge of conspiracies. It noted that the testimony included that male Ride or Die members used guns which are necessary to protect the RICO and drug trafficking conspiracies. Without them, Ride or Die would not have been able to defend or expand its operation. And this is all, Your Honor, at page 491 to page 494 of your prior opinion. Relating to the murder of Travis Arnold. Before Travis Arnold died, Ride or Die could not sell drugs in a certain area of the city. After he died, after he was murdered, they were able to sell drugs in that part of the city. This Court stated there is evidence that Byron Jones murdered Arnold in furtherance of the RICO and drug conspiracies. When Corey Blue was killed, Corey Blue was a drug dealer who had sold to defendants Patterson and Deloy Jones. He shorted them. They called Blue up and Blue said, come on over and I'll fix it. Jones and Patterson then punished Blue by killing him. This Court said the evidence, which included that defendants punished Blue in relation to Ride or Die's drug trade, supported the jury's conclusion that they murdered Blue in furtherance of the RICO and drug conspiracies. And when it came to the murder of Devin Hutton, the assailants had gone to another drug dealer's house named Pookie and they saw someone outside and asked him, you're selling drugs for Pookie but he was just a user. So they busted their way into the apartment saying, where's the money, where's the drugs? They killed Devin Hutton and yelled to the people on the side, tell Pookie the Riders came through. In relation to that, this Court stated it is obvious that the murder had something to do with Ride or Die's drug operations. So yes, while there was evidence about violence, while there was evidence that in some situations may have just been to RICO and not drug, this Court, when dealing with the murders that counts before you today, found that there was a definite, obvious connection to the drug operations. And in that line, looking at the harmlessness, the record does not contain evidence that could rationally lead to an acquittal on the valid 924C theory. To the opposite, it contains evidence that shows a guilty verdict is supported by that evidence. Should we be concerned, though, that the government's opening statement and closing arguments suggested that the RICO conspiracy offense encompassed conduct beyond the controlled substance conspiracy and emphasized, the whole emphasis was, this is a case about violence. In fact, it's a case about violent shooting. Those are quotes. It's a case about murders. It's a case about violent shooting. Those are very powerful statements. And are we to assume that the jury did not rely upon that, that guidance from the government? A few answers to that, Your Honor. First of all, there's no doubt that this case was about violence, and this case did affect violence. But this Court has certainly seen drug cases before where violence can support a drug conspiracy, so that's the first thing I would say. Second, yes, there was violence and there was drugs. And evidence did overlap, because that was the nature of this game. They sold drugs and they were violent, and as this Court noted, a lot of times they were together. The third thing I would say is, I know in a way it's what did the jury do, what did the jury do, and I will not presume to even attempt to speculate what the jury thought. But I can only say, when you look at the test on how we determine whether this error affected substantial rights and whether it was harmless, the test is not what the jury thought, but whether the evidence supports a juror of, could support a verdict of guilty. And here, that's what you. I'm sorry. Did some witnesses testify that some of the actions were because of gang affiliations and not because of drug moving? And also, didn't another witness testify that moving guns was for a different reason than distribution of drugs? So two instances where the witnesses don't match up with this idea that you have. Oh, absolutely. There was certainly evidence, and I would say, if nothing else, a lot of that evidence went right to the RICO Count 1 conspiracy, which is not at issue here. But certainly, there was definitely evidence to that, that some things were just about increasing the brand of the ride-or-die name. Some were affiliation with gangs. Now, I can also argue that that could support drug trafficking as well, but I agree entirely with you, Judge Elrod. That was part of the case. But I would say also, with the convictions that you're dealing with today, we're not dealing with the Count 1 overall RICO conspiracy. You've affirmed that, and that's not in question. But the murder counts, the counts that are the subject today, are drug-related. And this Court has said so, and I think it's hard to get away from that. And I think that's at least, I understand that is part of the equation, and we don't back down from that. That was part of this case. It was violent, and it was drugs. These murders are connected. And I think that's why the evidence is not harmless and why they cannot show an effect on substantial rights through that. Assuming, Arguendo, that we disagreed with you, and I'm not foreshadowing, what is the proper remedy? If you find that they've met their burden, we acknowledge the fourth prong. And realizing that it's their burden on the fourth prong as well, we feel we couldn't defend it because we would have a non-conviction in jail time. I think, Judge, you would vacate that conviction and send it back for the opportunity for the trial. And I know there's some question about that. But the reason we would say that is there's no doubt that the controlled substance part of the 924C is a valid way of convicting a 924C. No one has challenged that. So if we have one good and one bad way of doing it, and the bad way is out, we still have a good way of producing the 924C, and I think the right thing is when other times when there's a mistake in a jury instruction that you find affects the right, it doesn't vacate the conviction automatically all the time, but it sends it here back to let the government have the opportunity to try the case on the right one. Would it just say for proceedings consistent, or would it say for retrial? Because it could be that the other side would want the opportunity to argue, to quash, and all that. I agree. And I think also the same reason the government would have to consider whether it wanted to proceed. I think it would be for proceedings consistent with this opinion. I also think that would probably be a good idea because, of course, the Supreme Court's decision in Davis is probably coming out sometime in the next two weeks, which could land more impact on your decision as well as the ramifications of your decision. So I think that's how you would do it. I don't think, in another question you asked, Judge Elrod, I don't think it affects any of the other sentences. This Court affirmed the other sentences, and when it had sent the matter back for resentencing after some of the vacated counts, I'm pretty sure all other sentences were still affirmed. I don't, I may be wrong in that, so if I'm wrong, I'm wrong, but I don't believe it affects the other sentences, the other life sentences that are on some of these cases. Now, normally we don't wait to hear in cases, but should we wait the two weeks or so, perhaps it might be, or as you said? And recognizing your precedent, we recommended that that might be something you want to consider only because it could have some effect on what you do. If the Supreme Court affirms Davis, we're in the exact same position we're right now. If they reverse Davis, then it really depends on how they reverse it. There's no need for you to wait. I'm not a good tea leaf reader, but I would expect before June's over we would have Davis. I don't think there's any prejudice in waiting. The defendants are serving other life sentences that are not affected by this, so I don't think you have the danger of someone sitting in jail while you're waiting for someone, but I think you could, and I don't think it would make a difference in that situation. So based on what we have, Your Honor, unless there are any other questions, I'll just point out that the three murders we're talking about here involve the murder of another drug dealer, the murder of a drug dealer that shorted two of the defendants, and the murder of someone whose murder allowed Ride or Die to expand its drug operations to an area it couldn't sell drugs before. Looking at all that, the record does not contain evidence of an acquittal on the valid controlled substance ground. It contains evidence supporting a conviction, and with that, we would submit and we would ask the Court to affirm. All right. Thank you, Mr. Portman. Thank you, Your Honor. All right. Three rebuttals, beginning with Ms. Cain. Thank you. Just a couple of brief points. To answer the structural issue, it's true that this specific scenario has not been addressed and found to be a structural error by other courts, but I would argue that this error clearly affected the entire trial framework, consistent with what McCoy has provided guidance on. And if we look at the whole trial, at least because it's impossible to measure the actual effects on the jury verdict of this broad due process error, I think that's evident from the government's own arguments. I mean, the government acknowledges that the evidence could have gone either way, there's conflicting evidence, there's certain arguments that could have been perceived by the jury in different ways, and it's impossible to tell or know or look into the jury's verdict and know what they were thinking and what kind of motives they were seeing. But then moving on to the issue of whether, you know, if it's non-structural and if this court does have to look into a harmlessness or a substantial rights-type issue with the plain error review, I would argue that, you know, I know the government focuses on this court's previous decision in this case, but the language such as, you know, this clearly had something to do with drug operations within the gang or within Ride or Die, that's not the same as concluding that it clearly was in furtherance of a specific, independent drug conspiracy. Those conspiracies, because they were both valid predicates at the time of that decision, those conspiracies were reasonably kind of treated as one, with the drug conspiracy being a subset within that RICO conspiracy. And as, you know, as to harmlessness, I think there is evidence in the record that definitely could rationally lead a rational juror to come to a verdict of acquittal. We know, you know, harmlessness can be evaluated looking to the facts that that jury actually found. There were no facts that actually established guilt based on that valid predicate. And there was no indication that they concluded beyond a reasonable doubt that their verdict would have been the same if it was only based on that drug predicate. And so we would ask the Court to reverse those convictions for those reasons. Thank you. Thank you, Ms. Kuhn. Ms. Town? Thank you, Your Honor. I would like to not change my rebuttal time. All right. Thank you. And Ms. Conner? Thank you. Just a couple of quick points with respect to the harmlessness analysis, because I think that's logically possibly where we've come to. In terms of the harmlessness, the case cited by the government, Barraza, stated that an error is harmless if the Court, after a thorough examination of the record, is able to conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error. In this case, and in that case, they found that they could find that absent the error, the jury verdict would have been the same, but in that case, they found specifically that the government's opening statement never mentioned the invalid ground, that the closing argument never mentioned the invalid ground. This is an entirely different case than that, obviously. And with respect to not knowing what the jury is thinking, this was sort of an unusual case where the jury was given a very specific kind of jury verdict form, and on a lot of the specific subsets and predicates that they were asked to find, they found various defendants not guilty of things and guilty of other things. This was a very active jury who gave a very nuanced verdict, and I think it bears mentioning that on count one on the verdict form, all of the jury found all of the defendants not to the conspiracy to violate Racketeer Influence and Corrupt Organizations Act. So as far as, you know, what could have been done in this case, as far as the 924 counts, they could have given them an option to determine whether or not they were finding the drug conspiracy as a predicate or the RICO conspiracy as a predicate, and that is one area where they didn't break that out for anyone to see. So based on those arguments, we would submit that you would reverse those 924 convictions. Thank you. All right. Thank you, Ms. Conner. Your case is under submission, and Ms. Conner and Ms. Town, we noticed that you're court appointed, and we wish to thank both of you for your willingness to take these appointments as you have in the past. Next case for today, United States v. McConnell.